# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

# CENTRAL DIVISION

| | |
|---|---|
| **BRUD ROSSMANN,**<br><br>**Plaintiff,**<br><br>v.<br><br>**ELAINE DUKE, Acting Secretary of the Department of Homeland Security, et al.**<br><br>**Defendants.** | **REPORT AND RECOMMENDATION**<br><br>Case No. 2:17-cv-1227-CW-DBP<br><br>District Judge Clark Waddoups<br><br>Magistrate Judge Dustin B. Pead |

## INTRODUCTION

District Judge Clark Waddoups referred this case to Magistrate Judge Dustin B. Pead pursuant to 28 U.S.C. § 636(b)(1)(B). (ECF No. 4.) On November 29, 2017, the court granted Brud Rossmann's ("Plaintiff") application for leave to proceed *in forma pauperis* and waived the prepayment of filing fees pursuant to 28 U.S.C. § 1915 ("IFP Statute"). (ECF No. 2.) Accordingly, the court will screen Plaintiff's action as required under the IFP Statute. *See, e.g.*, *Lister v. Dep't of the Treasury*, 408 F.3d 1309, 1312 (10th Cir. 2005). Because Plaintiff proceeds pro se in this case, the court will construe his pleadings liberally. *See, e.g.*, *Ledbetter v. City of Topeka*, 318 F.3d 1183, 1187 (10th Cir. 2003).

## BACKGROUND

Plaintiff filed this action against officials of the United States Department of Homeland Security ("DHS") and the Federal Protective Service ("FPS"). (ECF. No. 3 at 10.) Specifically, Plaintiff alleges that an invalid arrest warrant from the State of Alabama is appearing on the DHS

and/or FPS computer systems. (ECF. No. 3 at 3.) According to Plaintiff, notwithstanding his efforts to have the warrant removed, "DHS-FPS, via one infected or hacked one system after another, has maintained or spread the false arrest warrant across many Federal computer systems" resulting in him being "eternally barred from ever securing a passport at the local Post Office, 'secured' by the DHS-FPS, or leaving the country, or the area, via airline/airplane, the DHS-FPS also 'securing' such federal facility." (ECF. No. 3 at 4.)

Under the "Causes of Action" section of Plaintiff's complaint, he states, "This case arises under a host of authorities, text based references to the US Constitution, and US Supreme Court precedent. (See, e.g., Yick Wo, Bivens, Grutter v. Bollinger, and the second section of Article III, that the Judicial Power extends to cases both in Law and Equity)." (ECF. No. 3 at 21.) The complaint further states, "Prevention of Travel, a right under the Constitution, is obviously implicated" and "Due Process rights to leave the Country are also implicated." (ECF. No. 3 at 21.)

He seeks $10 million in compensatory damages; injunctive relief, "in the form of deletion of the false arrest warrant of Alabama state from the DHS-FPS computer systems, databases, and without limitation;" and declaratory relief, "finding such cretins contemptible human scum, which is what they are, as fully 'contextualized.'" (ECF. No. 3 at 21.)

## LEGAL STANDARDS

Although Plaintiff professes to be a Harvard-trained, "former decorated Trial Attorney of the U.S. Department of Justice," (ECF. No. 3 at 2), the court will nevertheless construe his complaint liberally and hold it to a "less stringent standard than formal pleadings drafted by lawyers." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the IFP Statute

requires sua sponte dismissal of the case if the court determines that the action is, among other things, frivolous or malicious. *See* 28 U.S.C. § 1915(e)(2)(B)(i).

With the foregoing standards in mind, the court will now address the sufficiency of Plaintiff's complaint under the IFP Statute.

## DISCUSSION

The United States Supreme Court explained that the IFP Statute "is designed to ensure that indigent litigants have meaningful access to the federal courts." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989). Because a litigant proceeding under the IFP Statute "lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits," federal courts are empowered to screen unwarranted suits sua sponte. *Id.* An action may be deemed malicious or frivolous if it "is plainly abusive of the judicial process" or is "repetitious litigation of virtually identical causes of action." *Rosiere v. United States*, 673 F. App'x 834, 837 (10th Cir. 2016) (quotations and citations omitted).

Plaintiff's complaint warrants dismissal as frivolous and/or malicious. A review of the Public Access to Court Electronic Records ("PACER") demonstrates that Plaintiff has filed at least eight substantially similar complaints against the same parties in other federal district courts since November 2017. *See Rossmann v. Duke et al.*, 4:17cv03710 (S.D. Tex. Dec. 6, 2017); *Rossmann v. Duke et al.*, 4:17cv04163 (D. S.D. Nov. 30, 2017); *Rossmann v. Duke et al.*, 5:17cv00467 (E.D. Ky. Nov. 29, 2017); *Rossmann v. Duke et al.*, 2:17cv01785 (W.D. Wash. Nov. 29, 2017); *Rossmann v. Duke et al.*, 1:17cv00199 (D. Wyo. Nov. 29, 2017); *Rossmann v. Duke et al.*, 2:17cv04332 (D. Ariz. Nov. 27, 2017); *Rossmann v. Duke et al.*, 1:17cv02839 (D. Colo. Nov. 27, 2017); *Rossmann v. Duke et al.*, 5:17cv01274 (W.D. Okla. Nov. 27, 2017). This is in addition

to the approximately 100 cases against other defendants located on PACER that Plaintiff has filed in federal district courts around the country since at least 2008.

Plaintiff "has no absolute, unconditional right of access to the courts and no constitutional right of access to prosecute frivolous or malicious actions." *DePineda v. Hemphill*, 34 F.3d 946, 948 (10th Cir. 1994). Accordingly, Plaintiff's complaint must be dismissed as frivolous and/or malicious under the IFP Statute. *See* 28 U.S.C. § 1915(e)(2)(B)(i).

## **RECOMMENDATION**

Based on the foregoing, **IT IS HEREBY RECOMMENDED** that Plaintiff's action be **DISMISSED** with prejudice under the IFP Statute.

Copies of this Report and Recommendation are being sent to Plaintiff, who is hereby notified of his right to object. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Plaintiff must file any objection to this Report and Recommendation within fourteen (14) days after being served with a copy of it. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Failure to object may constitute waiver of objections upon subsequent review.

DATED this 30th day of July, 2018.

BY THE COURT:

_____
DUSTIN B. PEAD
United States Magistrate Judge